SILAS L. GRIFFETH, Appellant, *v.* ANDREW H. GREEN et al., Respondents.

The liability imposed by the General Manufacturing Act (§ 10, chap. 40, Laws of 1848) upon stockholders of a company organized thereunder, for a failure to file the proper certificate of payment, upon an increase of its capital stock, attaches only to the increase, and only stockholders holding the increased stock are liable; the provision has no reference to, or effect upon, the original capital and its holders.

A creditor of the corporation, seeking by action to enforce such a liability, must allege and prove facts showing that the conditions of the statute are exactly met by his case; no presumptions or inferences can be indulged in.

Unless, therefore, the stockholder proceeded against is proved to hold some of the increased stock, he is not brought within the statute.

(Argued December 8, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 9, 1891, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter Farrington* for appellant. The suit against the company was brought for the collection of a debt. (Laws of 1848, chap. 40, §§ 10, 24; *N. T. W. Co.* v. *Gilfillan*, 124 N. Y. 302; *Hardman* v. *Sage*, Id. 25; *Parrott* v. *Colby*, 6 Hun, 55.) The certificates required by law were not made and recorded. (*Hardman* v. *Sage*, 124 N. Y. 25; *Brown* v. *Smith*, 13 Hun, 408; 80 N. Y. 650.)

*Mornay Williams* for respondents. It being admitted that the original and increased stock up to $70,000 was fully paid in, and a certificate duly filed, the burden of proof was on the plaintiff to show that the stock held by the defendants was part of the subsequent increase. (*Veeder* v. *Mudgett*, 95 N. Y. 295; *Chambers* v. *Lewis*, 28 id. 454-458.) The requirements of the twenty-fourth section of the Manufacturing Act have not been met by the bringing of a suit for the collection of the debt against the company within one year after the debt became due. (*Parrott* v. *Colby*, 6 Hun, 55; 71 N. Y. 597; *Hardman* v. *Sage*, 47 Hun, 230, 233; *Y. I. Co.* v. *Walker*, 76 N. Y. 521; *Willard* v. *Sperry*, 16 Johns. 121; *Dubois* v. *Doubleday*, 9 Wend. 317; *Roberts* v. *Ely*, 9 N. Y. S. R. 796; *Stewart* v. *Huntingdon*, 2 N. Y. Supp. 205;

*Fowler* v. *Bowery Sav. Bank*, 113 N. Y. 450.)   The fact that the defendants' testator, W. B. Ogden, was at one time a trustee of the Millerton Iron Company, does not in any way affect this action. (*Brackett* v. *Griswold*, 103 N. Y. 425 ; *Stokes* v. *Stickney*, 96 id. 323 ; *Wiles* v. *Suydam*, 64 id. 173.)

GRAY, J.   The plaintiff was a judgment creditor of the Millerton Iron Company, a domestic corporation organized under the General Manufacturing Act of 1848, and, failing to obtain satisfaction by execution upon his judgment, commenced this action to enforce against the defendants, as stockholders, the liability imposed by the statute upon such for the failure to file the proper certificate of payment upon an increase of the capital stock.   The defendants were executors of William B. Ogden, deceased, who, in his life-time, had been the holder of 223½ shares of the company's capital stock.   It is not disputed that the original stock and a first increase of the capital were fully paid up, and the required certificates of the fact duly filed, nor that upon subsequent issues of increased capital stock such certificates were either defective or wanting.   It also did appear that the whole capital as increased had, as matter of fact, been paid in.   The question is whether the plaintiff made out a case sufficient to charge the defendants with any statutory liability for such subsequent defaults to comply with the statute, and is purely technical.

Looking at the allegations of the complaint, in the first place, we find that it sets out the several promissory notes made by the company and delivered to the plaintiff ; their non-payment at maturity ; the recovery of judgment thereupon and the return of execution unsatisfied ; the several increases of capital stock and the failure to make and record certificates of the payment of the capital stock, as prescribed by sections 10 and 11 of the act, except as to the first increase of stock.

The allegations as to the testator's holding of stock are that he " was the owner of some of the original stock of said company, and continued to sell and purchase shares of stock up to the time of his death, * * * at which time he was the

owner of 223½ shares, etc.;" and it is alleged that such shares are a part of his estate, and that, at the time the debt was contracted and of the commencement of the action, the defendants were stockholders, holding the said 223½ shares. It is nowhere alleged that the testator, or his executors, these defendants, held any of the issues of increased stock, and the plaintiff did not prove upon the trial, as a part of his case, that any part of these 223½ shares was of those later issues, the legal regularity of which was affected by the failure to comply with the statute. In order to make out a good cause of action, the plaintiff should have alleged in his complaint that the shares held by defendants were, in whole or in part, as the case might be, of the increased stock. The mere averment as to their holding so many shares of the capital stock, or of the trading by testator in the stock, through sales and purchases, up to his death, was not sufficient. It would not necessarily follow, as a legal conclusion, that any of the increased stock was held by the defendants, and the statutory liability inheres only by such holding. But no objection seems to have been taken to the sufficiency of the complaint, and we are concerned only with the sufficiency of the proof in the case as made. Upon the trial, the plaintiff made no attempt at any proof with respect to the shares of stock held, except through a stipulation of the defendants admitting their testator was a stockholder and owned shares of stock in the year the company was incorporated, "and continued to own shares of stock in said company down to the time of his death, and that his estate has ever since his death and now owns 223½ shares of stock." But plaintiff argues that this admission, coupled with the fact that the testator was a trustee of the company and signed various notices to increase the capital stock, constituted a sufficient foundation for holding the defendants liable; or at least sufficient until they overthrew a resulting presumption of liability. The point of his argument seems to be that there is a general liability upon all stockholders for the occurrence of such acts of omission by trustees as are here depended upon, because the increase is a corporate act. There is nothing in

the argument, and the statute never intended that the consequences of a failure to file the required certificate of payment upon an increase of the capital stock should be visited upon any but those who held it. In the case of *Veeder* v. *Mudgett* (95 N. Y. 295), the question of the liability, which the statute imposes for the failure to file a proper certificate upon an increase of the capital stock, was fully considered. It was held that such a liability attached only to those who held of the increased capital, and that it has no reference to, and no effect upon, the original capital and its holders. Judge FINCH, who delivered the opinion there, summarized by saying that "it is the *increase* which is subjected to the liabilities of the act, and, as a consequence, only the holders of that increase to the par value of that stock who are liable for debts. The innocent holder of full paid stock, once discharged by law, because his duty was done, goes free, as he should."

It is not possible to see why the decision in that case should not control here. It, obviously, is authority for the proposition that the burden is upon him, who seeks to enforce this statutory liability, to allege and to prove that the conditions of the statute are exactly met by the case. The principle is unquestionably right, and it is one which underlies all cases where a liability is sought to be imposed, which is in derogation of the common law, and arises solely by reason of some legislative enactment. The statute here must be read with some respect to the object in view, and it is then apparent that strictness harmonizes with reasonableness of construction. The provisions, with which we are now concerned, were intended as a protection to those who have dealings with the corporation. They justify them in relying upon the fact that the whole authorized capital has been paid in, in time and manner as prescribed by the statute, and if that fact is not certified to in the way there pointed out, then the holders of stock, as to which a certificate of full payment has not been filed, are made severally liable to the creditors of the company.

The requirements of the law, as to the payment of the company's capital, and as to the filing of a certain certificate, are

reasonable, and strictness in compliance is demanded in the interest of creditors and of stockholders. Whenever there is the failure to comply with such statutory conditions, the creditor's attack is confined to enforcing the precise consequences which are attached to the failure. Applying the principle here, the consequences of the omission to file a certificate as to the payment of the increase of capital were to subject, not the holders of the capital stock which had been fully paid up, and as to which there was no statutory default, but the holders of the new issue of capital stock to liability for corporate debts. As was suggested in *Veeder* v. *Mudgett,* the statute does not operate to revive any liability as against the holders of stock, in the issue of which the demands of the statute have been properly complied with; it only subjects the increase of stock to the same liabilities as the original stock and its holders were under. In our judgment, therefore, unless the stockholder proceeded against is proved to hold some of the increased stock, he is not brought within the statute. In this record it does not appear of what kind was the stock held by the testator and which passed to his personal representatives, and it is not a case for the indulgence of presumptions, or for the basing of inferences. Under the statute there must be precise proof that the statutory default affected the shares held by the defendants. The shares left by testator were, of course, part of the whole capital, but not necessarily, nor presumptively, even, of the several issues increasing its amount.

For the reasons here assigned, the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.