Angela Emma Moosbrugger, Respondent, *v.* Anna Walsh and Maggie L. Walsh, Appellants.

*Action against stockholders — assignment of claim — valid though made after the dissolution of the corporation — certificate of paid-up stock — absence of proof of filing a certificate of increase of stock — failure to object thereto — stock subscription obtained by fraud — no defense as against creditors of the corporation — excuse for not suing the corporation.*

Upon the trial of an action brought under section 7 of chapter 567 of the Laws of 1890 by the assignee of a creditor of a corporation to recover from certain stockholders thereof the amount of the claim of such creditor, on the ground that the whole amount of the capital stock had not been paid in and a certificate thereof filed, it appeared that the corporation was incorporated in July, 1891, pursuant to chapter 567 of the Laws of 1890, with a capital stock of $12,000; that in March, 1892, the capital stock was increased to $35,000; that the company continued business from the time of its incorporation until September, 1892, when proceedings were commenced for its voluntary dissolution, which was accomplished by a final order made in January, 1893; that neither the original nor the increased capital stock was fully paid in, nor was any certificate thereof filed; that on March 14, 1892, the defendants subscribed for two shares of the stock of the corporation, and that on April 4, 1892, their names were entered in the stock book of the company as stockholders. It further appeared that on April 4, 1892, a promissory note, payable on or before October 1, 1892, was delivered to the company, and that on May 13, 1892, another promissory note, payable on or before November 1, 1892, was delivered to said company; that both of these notes before maturity were indorsed by the company and transferred to one Hallock; that when the notes became due they were presented for payment, which was refused and notice of protest was given to the company; that on February 21, 1893, Hallock assigned to the plaintiff his claims and causes of action, and that the action was commenced on February 23, 1893.

*Held,* that Hallock having become a creditor of the company upon the indorsement and transfer of the notes to him, although the liability of the company was then contingent, his assignee, notwithstanding the fact that the corporation had been dissolved before the assignment was made, took the same rights that Hallock had, and became a creditor of the corporation.

The certificate for the increase of the capital stock of the corporation contained a statement that "the whole of the said capital stock of $12,000 has been sold, and all but $——— paid in."

*Held,* that the import of such statement was that the entire amount of the capital had been paid in, and that the certificate was, in such respect, in compliance with the statute.

It appeared that the certificate of the increase of the capital stock of the corporation was filed in the office of the clerk of the county where the business of

the company was conducted; no objection was taken that proof had not been given of the filing thereof in the Secretary of State's office.

*Held,* that if such objection had been made at the trial the omission might have been supplied, and that it could not be effectually taken for the first time on appeal.

Evidence was offered on the part of the defendants, and excluded, to prove that they were induced by fraud to subscribe for and take the stock of the company.

*Held,* that Hallock and his successor in interest could not be legally prejudiced by the transaction between the company and the stockholders, which led to the subscription to the stock and the taking of a certificate therefor by the latter;

That the remedy of the stockholders was by an action for relief, by way of rescission, against the company or some party representing it, or succeeding to its rights and liabilities, and that such defense was not available as against its creditors in actions brought by them to enforce the stockholders' liabilities;

That the creditor having been prevented by injunction, followed by the dissolution of the corporation, from so doing, was relieved from the statutory requirement that he should prosecute his claim to judgment and execution against the company, which otherwise would have been a condition precedent to the action against the defendants.

APPEAL by the defendants, Anna Walsh and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 23d day of August, 1894, upon the report of a referee.

*M. J. Sunderlin,* for the appellants.

*J. O. Sebring,* for the respondent.

BRADLEY, J.:

The action is founded upon the alleged fact that the plaintiff was a creditor of the Pleasant Valley Vintage Company, and that the defendants, as stockholders of said corporation, were liable to her as such creditor, because the whole amount of the capital stock had not been paid in and a certificate thereof filed.

The referee found that the company was duly incorporated in July, 1891, pursuant to the Laws of 1890 (Chap. 567), with a capital stock of $12,000; that in March, 1892, the capital stock was increased to $35,000; that the company continued business from the time of its incorporation until September, 1892, when proceedings were commenced for its voluntary dissolution, which was accomplished by final order made in January, 1893 ; that neither the original nor increased capital stock was fully paid in, nor any certifi-

cate thereof filed; that on March 14, 1892, the defendants subscribed for two shares of the stock of $100 each; that on April 4, 1892, their names were entered in the stock book of the company as stockholders.

He further found that Edward H. Newman, by his promissory note then made and delivered to the company, promised to pay to the order of H. B. Longwell, secretary of the company, $240, with interest, on or before October 1, 1892; that on May 13, 1892, D. J. Sunderlin, by his promissory note made and delivered to said company, promised to pay to the order of the company $100, on or before November 1, 1892; that both of these notes before maturity were indorsed by the company and transferred for value to George W. Hallock; that when they became due the notes were presented for payment, which was refused, and notice of protest for non-payment duly given to the company, which was charged with liability as such indorser; that on February 21, 1893, Hallock assigned to the plaintiff his claims and causes of action against the defendants by reason of such notes, and arising out of the liability of the company as such indorser; and that this action was commenced February 23, 1893. The facts thus found have the support of the evidence.

The statute provides that the stockholders "of the corporation shall be severally, individually, liable to its creditors  *  *  *  for all debts and contracts made by the corporation until the whole amount of its capital stock has been paid in, and until a certificate thereof has been made and filed." (Laws 1890, chap. 567, § 7.)

Inasmuch as the corporation was dissolved before the plaintiff became assignee of the claims in question, it is urged that she is not a creditor of the company within the meaning of the statute. Hallock became a creditor of the company upon the indorsement and transfer by it of the notes to him, although the liability of the company was then contingent. (*Van Wyck* v. *Seward*, 18 Wend. 375.) This liability became absolute in October and November, 1892. The dissolution was perfected in January, 1893. By the transfer afterwards made to the plaintiff by Hallock, who was a creditor of the company, she took the relation he had as such, and in legal contemplation was a creditor of the corporation. (Code Civ. Proc. §§ 1909, 1910.)

The defendants must be deemed subscribers to the increased capital stock, and their alleged liability is dependent upon their

relation as stockholders resulting from such subscription. It is insisted that in the proceedings to increase the capital stock the provisions of the statute were not observed, and, therefore, there was no valid increase of the capital stock to support the alleged relation of the defendants as stockholders. In the method of procedure to increase the capital stock of a corporation prescribed by the statute is the provision that a certificate must be made showing, amongst other things, "the amount of capital actually paid in." (Laws 1848, chap. 40, § 22.) It is suggested that the certificate in the present case was defective in that respect in the statement that "the whole of the said capital stock of $12,000 has been sold, and all but $—— paid in." The import of this is that the entire amount of the capital had been paid in. The certificate in that respect is in compliance with the statute. It is true that the filing of the certificate is requisite to the increase of the capital stock. (Id.) It appears that on March 17, 1892, the certificate was filed in the office of the clerk of Steuben county, where the business of the company was conducted. Although the question of the validity of the certificate was raised on the trial, no objection appears to have been there taken on the ground of want of proof that it had been filed in the office of the Secretary of State.

That question requires no consideration, as the objection cannot be effectually taken for the first time on this review. If it had been made at the trial, it may be that the omission would have been supplied by evidence.

It must here be assumed upon the facts as they appear that the capital stock was increased pursuant to the statute, and that the defendants became stockholders of such increased capital. It may be that, notwithstanding the original capital stock had not been fully paid in and a certificate thereof filed, the liability of the defendants as such stockholders is confined to the debts of the company incurred since such increase of capital was accomplished. (*Veeder* v. *Mudgett*, 95 N. Y. 295; *Griffeth* v. *Green*, 129 id. 517.)

But that question does not arise in the present case. The notes of Newman and Sunderlin were made and the liability of the company as indorser was incurred after the increase of the capital stock. The assumption of the defendants' counsel to the contrary is not supported by the record.

The evidence offered on the part of the defendants to prove that they were induced by fraud to subscribe for and take the stock of the company was properly excluded. Their remedy on that ground was for relief by way of rescission as against the company or some party representing it or succeeding to its rights and liabilities. Such defense is not available as against its creditors in actions by them. (*McDermott* v. *Harrison*, 30 N. Y. St. Repr. 324; 9 N. Y. Supp. 184; *Bosley* v. *N. M. Co.*, 123 N. Y. 550.)

The only relation of Hallock to the corporation, was that of its creditor, and the plaintiff succeeded to his rights and relation as such. He and his successor in interest cannot legally be prejudiced by the transaction between the company or its representatives and the defendants which led to the subscription to the stock and the taking of a certificate therefor by the latter.

The creditor having been prevented by injunction, followed by dissolution of the corporation, from so doing, was relieved from the statutory requirement of prosecuting the claim to judgment and execution against the company, which otherwise would have been a condition precedent to the action against the defendants. (*Kincaid* v. *Dwinelle*, 59 N. Y. 548.)

The judgment should be affirmed.

LEWIS, WARD and DAVY, JJ., concurred.

Judgment affirmed, with costs.