No. 2,475.

JOHN C. TRUMPLER, Appellant, v. M. BEMERLY, Respondent.

Construction of Statutes.—Statutes prescribing the modes by which a party may be divested of his property without his consent, must be strictly construed

Idem.—Pleading.—A party claiming a title to property by virtue of such a statute, as against the original owner, must allege and prove that all the provisions of the statute for the acquisition of such title have been strictly complied with.

The question of the constitutionality of such a statute not decided.

Appeal from the District Court of the Sixth District, Yolo County.

The facts are stated in the opinion.

*Beatty & Denson*, for Appellant.

*C. P. Sprague*, for Respondent.

Sprague, J., delivered the opinion of the Court, Rhodes, C. J., Crockett, J., and Wallace, J., concurring:

The only question deemed necessary to consider, upon the view we have taken of this case, is whether the title or right of property in plaintiff to the sheep, lambs, etc., described in the complaint was divested and passed to the vendor of defendant by virtue of proceedings had under the Act of April 27, 1863, applicable to Yolo County, entitled "An Act concerning estrays in certain counties in this State." (Stats. 1863, p. 697.) This statute, as all others prescribing modes by which a party may be divested of his property without his consent, must be strictly construed; and a party claiming to have acquired a right and title to property by virtue of its provisions as against the original

owner, must affirmatively allege and prove that the mode prescribed by the statute for the acquisition of such title has, in every particular, been strictly followed. (*Bensley* v. *The Mountain Lake Water Company*, 13 Cal. 306 ; *Curran* v. *Shattuck*, 24 Cal. 427.)

Section 1 of the statute above referred to requires the party taking up animals as estrays to "post notices containing a description of the place of the finding such estrays, with all visible marks and brands upon them, as follows : One notice upon the school house door of the school district wherein the estrays are found, and upon the door of the nearest post office, and file another with the Recorder of the county where the estrays are found ; and in case the mark or brand of the owner or owners of the estrays is recorded in the office where the notice is filed, then the Recorder shall, within three days after the filing of the notice, deposit a copy thereof in the post office, with postage paid thereon, addressed to the owner or owners of the stock." And Section 2 provides that if the owner of the animals posted by virtue of the Act fails to appear within twenty days thereafter and prove his property and pay certain damages to the taker-up, * * * then the finder of such estrays may give notice to some constable of the county of the posting of such estrays. And Section 3 provides that the constable notified shall immediately proceed to sell such estrays at public auction, in conformity with the law concerning sales on execution, etc.

Defendant's answer alleges that the sheep came into his premises, on his farm, on or about the 10th of December, 1866, "and there remained as estrays for at least ten days ; * * * that on the 21st day of December, 1866, he posted notices containing a description of said animals, with all visible marks and brands upon them, as follows : One upon the school house door in the school district where said sheep were found, and upon the door of the nearest post office to said place, and filed one with the Recorder of Yolo County, giving a description of the place where said sheep were found."

Upon the above averment as to the time of posting and

filing the notice with the Recorder, the Court below finds that the notice was posted on the 17th of December, 1866, "and on the next day deposited another with the Recorder of Yolo County, although it was not entered as filed for some days thereafter. The Court further finds that on the 9th day of January, 1867, N. B. Tribblecock, a constable of said county, advertised said sheep for sale, giving notice that he would, on the 17th day of the same month, sell the said sheep to the highest bidder."

From these allegations of the answer and the findings of the Court thereon, it is established that the notice required by the statute to be filed with the Recorder, was filed by defendant on the 21st day of December, 1866, and that the sheep were advertised for sale by the constable on the 9th day of January, 1867, nineteen days after the notice was filed with the Recorder, while the statute requires that twenty days shall elapse from the filing of the notice with the Recorder before notice to or advertisement of sale by the constable, within which the owner of the property is permitted to appear, prove his property and take the same by paying the statutory damages then accrued to the taker-up, and fees of the Recorder.

In this particular the statute, by virtue of which defendant claims title to the property in controversy, was not complied with ; he, therefore, acquired no right or title to such property as against the original owner thereof, the plaintiff in this suit.

With this view, it becomes unnecessary in this case to pass upon the question presented, as to the constitutional validity of the statute, by virtue of which defendant claims title to the property ; hence we express no opinion upon that question.

Judgment reversed and cause remanded.

TEMPLE, J., expressed no opinion.