[No. 12383.    Department One. — March 20, 1888.]

M. DAVIS *v.* A. C. HEIMBACH ET AL.    I. L. McDANIEL ET AL., APPELLANTS, JOHN M. WILES ET AL., RESPONDENTS.

SURETY — APPLICATION FOR SUMMARY PROCESS TO ENFORCE CONTRIBUTION — NOTICE. — An application under section 709 of the Code of Civil Procedure, by a surety who has paid more than his share of a judgment, for execution against his co-sureties, must be upon notice.

ID. — RELIEF OBTAINABLE — SETTING ASIDE CONTRACT. — Upon such an application, the applicant cannot have a contract set aside by which he was bound to pay the whole judgment.

APPEAL from an order of the Superior Court of Colusa County quashing an execution.

The facts are stated in the opinion.

*H. M. Albery*, for Appellants.

*Richard Bayne*, for Respondents.

HAYNE, C.—This is an appeal by defendants, Mc-Daniel and Miller, from an order quashing an execution issued at their instance against their co-defendants, Wiles and Ludy.

It appears that these four parties were sureties upon a note of defendant Heimbach to the plaintiff Davis, and were all defendants in the action, which was upon the note. Judgment having been entered against them, McDaniel and Miller paid the whole amount, and then, under section 709 of the Code of Civil Procedure, took out a writ of execution against their co-defendants, Wiles and Ludy, for their proportion. This execution was quashed by order of the court, and from this order the appeal is taken.

The section referred to provides that contribution may be enforced in this summary manner "if within ten days after his payment" the party files a notice, etc. The whole sum paid was $5,600.58. Of this, $3,354.30 was paid on May 18th, and the remainder not until June 24th. The notice and claim were filed on June 27th. It is open to doubt whether such filing was "within ten days after his payment." For, the proceding being statutory, the course pointed out by the statute must be strictly pursued. (*Hansen* v. *Martin*, 63 Cal. 282.) But without expressing an opinion upon this point, we think there are other grounds upon which the order should be affirmed.

1. The order directing the issuance of the execution was obtained without notice to the parties to be affected by it. We have not been referred to any decision in relation to the section under which the proceedings were taken. But there are several decisions in relation to section 942, which provides for the entry of

judgment against sureties on appeal bonds.   In *Ladd*
v. *Parnell*, 57 Cal. 232, the court said that it saw nothing
in the point that that section was unconstitutional.
But in that case it appears from the opinion that notice
had been given, and from the argument of counsel it
would seem that the point in which the court could see
nothing was, that the sureties were entitled to a trial by
jury.

In the subsequent case of *Meredith* v. *S. C. M. A. of
Baltimore*, 60 Cal. 617, it was held that the sureties on
an appeal bond were not entitled to notice of an applica-
tion for judgment against them.   The ground of the
decision seems to have been that the section did not pro-
vide for notice, and that it must be presumed that the
sureties contracted with reference to existing law, which
therefore entered into and formed a part of their con-
tract.   It is to be observed of this case that the statute
construed does not in terms dispense with notice.   It is
simply silent upon the subject.   And if it be true that,
when taken in connection with other provisions of the
same code (secs. 1005 and 1011), it does not provide for
notice, yet it is deserving of consideration, whether, in
view of the importance of an opportunity to be heard,—
a right which almost always exists,—it ought not to be
presumed that the parties contracted with reference to *it*,
and that it formed a part of their contract.   To say
otherwise is to dispense with a fundamental and impor-
tant right by a somewhat strained application of an
artificial rule of construction of a contract.

But however this may be as to the section in relation
to appeal bonds, the doctrine of the case has no applica-
tion to the section involved here.   This section provides
that the party seeking the entry of judgment shall "file
with the clerk of the court where the judgment is ren-
dered *notice of his payment and claim* to contribution or
repayment."   It is true that it does not specify the per-
son to whom the notice is to be given, or its period, or

the manner in which it is to be given. But the natural meaning of the word "notice" is a notice to some one, and if the person be not indicated, the plain inference is, that the party intended is the person who is interested, —the one who is to be proceeded against. Even if this were not the natural meaning of the word we should hesitate long before concluding that the legislature intended to provide for judgment against a man in a court of justice *without* giving him an opportunity to be heard in his defense. But, as above stated, it is not straining the language to hold that some notice to the parties interested is necessary, and if this is so, the period and manner of giving it are provided in other parts of the code. (Code Civ. Proc., secs. 1005–1011 et seq.)

The order directing the execution having been without notice, the proceedings were properly vacated.

2. The showing made by the respondents upon the motion to quash was sufficient to sustain the order made. The respondents produced a written contract made before the judgment, by which the appellant McDaniel, in consideration of the assignment to him of the principal's interest in a certain firm, and the conveyance by the principal's wife of a piece of real estate (which transfers were duly made), agreed to pay the whole debt himself. McDaniel admitted that he signed the agreement, but urged that he did so "without first having read it, and without knowing what it contained," and that it did not truly express what was in fact the understanding of the parties. Without expressing any opinion as to whether the showing made would entitle McDaniel to maintain a suit in equity to have the contract set aside, it is sufficient to say that as long as it stands it is a good answer to an application for contribution, whether by motion or action. (*John* v. *Jones*, 16 Ala. 464; and compare *Taylor* v. *Reynolds*, 53 Cal. 687, and *Logan* v. *Talbot*, 59 Cal. 653.) And we think it clear that he cannot have the contract set aside, and all the equities adjusted in this summary

proceeding based upon affidavits. Still less can he ignore the contract entirely, and calmly proceed to take out his execution in defiance of it, and without so much as notice to those interested.

The other points made do not seem to require special notice.

We therefore advise that the order appealed from be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.