[S. F. No. 566. Department Two.—June 18, 1897.]

ELI R. CHASE, APPELLANT, *v.* GEORGE A. PUTNAM, RESPONDENT.

ANIMALS DAMAGE FEASANT — VOID CONSTABLE'S SALE — EXTINGUISHMENT OF LIEN.—Under the act of March 27, 1872, a sale by the constable of animals taken *damage feasant* upon the land of the distrainor, without given the ten days' notice of the sale required by the statute, is void, and the distrainor purchasing at such a sale cannot still retain possession by virtue of his lien. By such a sale, the lien must be deemed to have been waived or lost.

APPEAL from a judgment of the Superior Court of Contra Costa County. JOSEPH P. JONES, Judge.

The facts are stated in the opinion.

*W. S. Tinning*, for Appellant.

*C. Y. Brown*, and *R. H. Latimer*, for Respondent.

SEARLS, C.—Action in claim and delivery to recover three horses or their value. Defendant set up two defenses to the action: 1. Denial of most of the material allegations of the complaint; 2. That the three horses, with four others owned by plaintiff, were found *damage feasant* upon his premises; were impounded, notice given to plaintiff, damages assessed, property sold by constable and purchased by defendant, substantially as pro-

vided by statute of March 27, 1872, entitled, "An act to protect agriculture and to prevent the trespassing of animals upon private property."

The cause was tried by the court without a jury. The court found in part as follows: 1. Plaintiff was, and is, the owner of the property, which is of the value of ninety dollars; 2. That defendant was, on or about July 20, 1895, the occupant of certain described real property in Contra Costa county, and on July 20, 1895, found said horses, with others, upon his land, having done and doing damage, and took up and safely kept said horses until taken from him by the sheriff in this action; 3. Defendant notified plaintiff July 20, 1895, of such detention and the reason thereof; 4. Plaintiff is indebted to defendant for damage done and keeping said horses in the sum of twenty-nine dollars, which plaintiff refused to pay, or to choose disinterested persons to determine the amount of damages, or to pay any damages; 5. A justice of the peace of the proper township appointed two persons to assess the charges and damages, and they assessed them; 6. Defendant notified a constable of the proper township, who sold the horses in suit at public auction, but "without giving ten days' notice of said sale by posting said notices in three public places in said township"; 7. The allegations of the complaint are true, except as above specified, and the allegations of the answer are not true, except as above specified.

As conclusions of law, the court found in substance: 1. Defendant has a valid lien on the horses for twenty-nine dollars; 2. That the sale of the horses was void; 3. Plaintiff is entitled to possession of the horses on the payment of twenty-nine dollars, and, upon the payment of such sum within fifteen days, he shall have judgment for possession, etc., and, if such possession cannot be had, for ninety dollars, the value thereof; 4. If plaintiff does not pay twenty-nine dollars within the fifteen days, defendant is entitled to judgment for the return of the

horses, "or the value thereof, as stated in said complaint (answer), in the sum of forty-five dollars."

Plaintiff having refused to pay the twenty-nine dollars within the fifteen days, judgment was entered in favor of defendant for possession of the three horses, and, in case a return thereof cannot be had, for forty-five dollars and for costs.

Plaintiff appealed from the judgment within sixty days from and after its rendition, and supports his appeal by a bill of exceptions.

Among the private wrongs, which, at common law, might be redressed by the mere act of the party injured, was that occasioned by animals of another, taken *damage feasant.*

When impounded, they were held by the distrainor as security to compel satisfaction. He might not work, use, or sell the distrained beast, and could only hold it until the owner made satisfaction, or contested his right thereto by a *replevin.*

As was said by Blackstone (3 Blackstone's Commentaries, 14): "This kind of distress, though it puts the owner to inconvenience, and is, therefore, a punishment to *him*, yet, if he continues obstinate, and will make no satisfaction or payment, it is no remedy at all to the distrainor."

To obviate the imperfections of such a remedy, in most, if not all, the states of our Union, statutes have been enacted defining the circumstances under which animals may be distrained *damage feasant*, and the steps to be taken by the distrainor in satisfaction of his damage.

Our statute of March 27, 1872 (Stats. 1872, p. 563), which applies to a few counties of the state, among which is Contra Costa, empowers the owner or occupant of any land or possessory claim, finding any horse, mare, mule, etc., upon such land or possessory claim, "having done and doing any damage," to take up and safely keep such animal, at the expense of the owner,

for ten days, and he shall be allowed twenty cents per day for keeping each horse.

If the owner is known, and resides in or near the township, he must be forthwith personally notified. If the owner, within ten days, proves property, pays costs, charges, and damages, the property is to be delivered up. If he fails so to do, the distrainor must forthwith notify a constable of the township, who shall sell the property at public auction after ten days' notice, by posting in three public places, and pay the proceeds over to a justice of the peace, etc. If the parties disagree as to the charges and damages, each party may choose a disinterested person, and they may choose a third person, who shall determine the amount thereof.

Should the owner not come forward, then the justice of the peace may appoint two persons, and they may choose a third to settle the amount. The overplus of any sale, after payment of costs and charges, is to be paid over to the owner. The owner may redeem before sale, or within twelve months thereafter, etc.

George A. Putnam, the defendant and respondent, seized, held, and had the horses in question sold under the statute specified, and became the purchaser thereof. The court below held the sale void for want of proper notice. There were other irregularities which might be mentioned; but, as they only tend to accentuate the finding that the sale was void, we need not dwell upon them. The legal proposition upon which the case turns is this:

After an attempted enforcement of defendant's lien under the statute by a sale of the property, which was void, and a purchase by him under such void sale, can he still retain possession by virtue of his lien?

Generally, a party pursuing a remedy *ex parte*, which may result in depriving another of his property, must pursue strictly the authority the law gives him. (*Newsom* v. *Hart*, 14 Mich. 233.)

" Where a lien is given by statute it repudiates everything like an equitable lien. . . . . In other words, a

lien which is the creature of statute can be enforced only in the manner prescribed by the statute." (Overton on Law of Liens, 28.)

In Tennessee it was held that a purely legal lien must be enforced within the period fixed by law, and upon failure to sell the property within such prescribed time the lien was lost. (*Harrison* v. *Wade,* 3 Coldw. 505.)

*Trumpler* v. *Bemerly,* 39 Cal. 490, enunciates a like doctrine, and in many of its features strongly resembles the case at bar. *Curran* v. *Shattuck,* 24 Cal. 427, and *Bensley* v. *Mountain Lake etc. Co.,* 13 Cal. 307, 73 Am. Dec. 575, are authority to the effect that a strict compliance with statutory provisions is essential in such cases.

" The sale of any property on which there is a lien in satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person holding the lien, extinguishes the lien thereof." (Civ. Code, sec. 2910.)

In his answer defendant counts not upon his lien, but upon his ownership of the property acquired through the sale by the constable and purchase by him.

The several steps averred to have been taken were but the prerequisites provided by statute, through the performance of which the title is averred to have passed to defendant.

We are of opinion the attempted sale of the property, and the subsequent claim of title thereto by defendant, were inconsistent with the continued existence of his lien thereon, and amounted to a conversion of the chattels and extinguished the lien.

The statute which creates the lien does not undertake to keep it alive indefinitely. The distrainor may hold the property for ten days, and then he must, if it is not redeemed, forth'with notify the constable, who, after ten days' notice, shall sell, etc. If the theory of respondent be correct, that the lien continues after an attempted, but futile, sale, then it may continue to exist after any number of such sales, and the distrainor could continue

indefinitely to maintain his lien and possession of the property. This was one of the evils attendant upon the common-law lien in such cases, which the statute sought to avoid.

It gives to the distrainor a speedy and summary remedy for the injury which he has sustained, but in availing himself of its advantages it is incumbent upon him to comply strictly with the requirements of the law, and when, by failure so to do, his sale is void and he thereafter claims title under such void sale, we think he must be deemed to have waived or lost his lien. (*Lehmann* v. *Schmidt*, 87 Cal. 15; *Sutton* v. *Stephan*, 101 Cal. 545; *Maynard* v. *Anderson*, 54 N. Y. 641; Jones on Liens, sec. 1019.) There is a broad distinction between cases of liens of the character we are considering and those depending upon contract, which was pointed out in *Williams* v. *Ashe*, 111 Cal. 180.

Assuming, then, without deciding, that the statute in question, authorizing a sale as therein provided, does not trench upon the constitutional rights of the owner of property, we are of opinion that the lien of the defendant on the horses had ceased to exist before the date of suit brought herein; and, as the court below found that plaintiff is the owner of the property, we recommend that the judgment be reversed and the court below be directed to enter judgment in favor of the plaintiff for the return of the three horses, or, in case a return thereof cannot be had, for the value thereof as found by the court, viz., the sum of ninety dollars, and for costs of suit.

BRITT, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below directed to enter judgment in favor of the plaintiff for the return of the three horses, or, in case a return thereof cannot be had, for the value thereof as found by the court, viz., the sum of ninety dollars, and for costs of suit.

McFARLAND, J., TEMPLE, J., HENSHAW, J.