LEWIS H. CARD, Respondent, *v.* LEONARD H. GROESBECK, Appellant.

Corporations — action against stockholder for debt of corporation — there must be proof that execution on judgment against corporation is unsatisfied, and proof also of the amount actually due thereon.

1. A stockholder cannot be charged with costs incurred in the defense of an action prosecuted against the corporation for damages upon causes of action other than that embraced in the statute making him liable (Stock Corp. Law, §§ 57, 59; Cons. Laws, ch. 59).

2. The provision of the statute (§ 59) prohibiting the bringing of an action against a stockholder for a debt of the corporation until judgment therefor has been recovered against the corporation and an execution thereon has been returned unsatisfied, in whole or in part, requires a verdict determining the amount of the plaintiff's

claim, and the stockholder, when he is called upon to pay, cannot be required to ascertain the amount from estimates and figures made by another as to the various items included by the jury in its verdict.

*Card* v. *Groesbeck*, 140 App. Div. 30, modified.

(Argued January 15, 1912; decided January 30, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 15, 1910, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Hitchcock* for appellant. The statute is in derogation of the common law and must be strictly construed. (*Chase* v. *Lord*, 77 N. Y. 1; *Dyer* v. *Drucker*, 108 App. Div. 238; *Gause* v. *Boldt*, 49 Misc. Rep. 340; *Shorer* v. *Times Printing Co.*, 53 Hun, 88; *Libbey* v. *Tobey*, 82 Me. 397; *Dane* v. *Dane Mfg. Co.*, 14 Gray [Mass.], 488; *Hirshfeld* v. *Bopp*, 145 N. Y. 85; *Terry* v. *Rothschild*, 83 Hun, 487; *R. M. Nat. Bank* v. *Bliss*, 89 N. Y. 338; *Handy* v. *Draper*, 89 N. Y. 334; *Peck* v. *Miller*, 39 Mich. 594.) The measure of damages applicable in an action of this character, if maintainable, is the amount unpaid upon an execution issued upon a judgment recovered against the corporation for services. (Cons. Laws, ch. 59, § 59.) Plaintiff failed to prove that a judgment had been recovered by either his assignor or himself against the Prospect Park Company for the services rendered by the plaintiff or his assignor, or for any part of the same. (*Hickox* v. *Fay*, 36 Barb. 9; *McGovern* v. *Payn*, 32 Barb. 84; *Bradley* v. *Albemarle Fertilizing Co.*, L. R. [2 C. P.] 50; *Lambert* v. *Snow*, 9 Abb. Pr. 91; *Miller* v. *Scherder*, 2 N. Y. 262; *Bowen* v. *True*, 53 N. Y. 640.) The special findings made by the jury in the case of Card against the Prospect Park Company cannot assist

the plaintiff. Section 59 of the Stock Corporation Law makes imperative the recovery of a judgment for services, and not the rendition of a verdict. (*Levy* v. *Beekman Pub. Co.*, 47 N. Y. S. R. 225; *Kennedy* v. *B. & W. Co.*, 91 Hun, 198; *Tracy* v. *Dolan*, 51 App. Div. 590; *Segelke* v. *Finan*, 48 Hun, 310; *Manning* v. *Monaghan*, 32 N. Y. 539.)

*Mason M. Swan* for respondent. The plaintiff has complied with every provision of the statute applicable to this case. (Cons. Laws, ch. 59, § 57.) The statute is not fairly in derogation of the common law but rather an affirmative retention of the common-law liability of the stockholders, from the destruction involved in the corporate creation, and is, therefore, not within the rule of strict construction. (*Rogers* v. *Decker*, 131 N. Y. 490; *People ex rel. Winchester* v. *Coleman*, 133 N. Y. 279; *Corning* v. *McCullough*, 1 N. Y. 47; *Wiles* v. *Suydam*, 64 N. Y. 173; *Marsh* v. *Kaye*, 44 App. Div. 68; 168 N. Y. 196; *F. T. & R. Co.* v. *Agnew*, 194 N. Y. 165; *Sanford* v. *Rhodes*, 113 App. Div. 784; *Spencer* v. *Myers*, 150 N. Y. 275; *People ex rel. Wood* v. *Lacombe*, 99 N. Y. 43; *Coffin* v. *Reynolds*, 37 N. Y. 642.) The statute is remedial and should be construed liberally for the protection of the laborer. (*Morgan* v. *Hedstrom*, 164 N. Y. 224; *Matty* v. *Sampson*, 64 App. Div. 1; *Hudler* v. *Golden*, 36 N. Y. 446; *Berger* v. *Varrelmann*, 127 N. Y. 281; *Norfolk* v. *Am. Steam Gas Co.*, 103 Mass. 162.) Under a reasonable construction of the statute the amount due upon the returned execution against the corporation is not the exact amount which the laborer must recover against the stockholder, but is the maximum amount recoverable. (*Peterson* v. *Nash*, 112 Fed. Rep. 311; *Peterson* v. *Nash*, 55 L. R. A. 344; *Matter of Oliver*, 109 Fed. Rep. 784.) The separate amounts due the plaintiff and his assignor for services was proved with certainty and exactness in each action. (*Norfolk* v. *A. S. G. Co.*,

108 Mass. 404; *Norfolk* v. *A. S. G. Co.*, 103 Mass. 160; *Burlen* v. *Shannon*, 14 Gray, 433; *Stephens* v. *Fox*, 83 N. Y. 313; *Alexander* v. *Donohue*, 143 N. Y. 203.)

HAIGHT, J. This action was brought against the defendant as a stockholder of the Prospect Park Company, a corporation, to recover the amount due and owing to the plaintiff by the corporation for his personal services and for services of his brother George, whose claim had been assigned to him. The defendant admits that he was a stockholder of the corporation, but puts in issue in his answer all of the questions which we shall hereafter consider.

Section 57 of the Stock Corporation Law (Cons. Laws, ch. 59) provides that "The stockholders of every stock corporation shall jointly and severally be personally liable for all debts due and owing to any of its laborers, servants or employees other than contractors, for services performed by them for such corporation. Before such laborer, servant or employee shall charge such stockholder for such services, he shall give him notice in writing, within thirty days after the termination of such services, that he intends to hold him liable, and shall commence an action therefor within thirty days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for services." And section 59, so far as material, provides that "No action shall be brought against a stockholder for any debt of the corporation until judgment therefor has been recovered against the corporation, and an execution thereon has been returned unsatisfied in whole or in part, and the amount due on such execution shall be the amount recoverable, with costs, against the stockholder."

In an attempt to comply with the provisions of section 59 the plaintiff did bring an action against the corporation, in which he alleged for his first cause of action the performance of work, labor and services by himself for

the corporation of the agreed value and price of $135, and demanded judgment for that sum, with interest, etc. For his second cause of action he alleged that George E. Card had performed work, labor and services for the corporation at its request of an agreed price and value of $379.01, and that he had also furnished materials, paid and laid out and expended money for the corporation amounting to $88, all of which the corporation had promised to pay him, and that before the commencement of the action George had duly assigned his claim to the plaintiff, and thereupon judgment was demanded for this cause of action in the sum of $467.01, with interest. The third cause of action was for damages which George had suffered by reason of a breach of an agreement made by the corporation for which he demanded judgment to the amount of $1,245, which cause of action was also assigned to the plaintiff, and he demanded judgment for that amount upon that cause of action, with interest, etc., concluding his complaint with a demand for judgment of $1,847.01, with interest. The corporation interposed an answer, in which it denied any knowledge or information sufficient to form a belief as to each and every of the allegations contained in the complaint.

Upon the trial the jury rendered a verdict in favor of the plaintiff for the sum of $653.03, and returned answers to the questions submitted to them by the court that Lewis H. Card, the plaintiff herein, was entitled to $115, and that George E. Card, except for his assignment, was entitled on account of his services in superintending, making blocks and for his advancements of money, $469.99, and that George E. Card, except for his assignment, was entitled by reason of the breach of the contract $50. Thereupon judgment was entered in favor of the plaintiff against the corporation for $653.03 damages and $167.44 as costs, and execution was subsequently issued thereon, and, as appears from the record, returned by the sheriff *nulla bona.* Thereupon this action was

brought, in which the plaintiff seeks to recover $115 for his own services, $231.87 for the services of George and $147.44 costs in the action against the corporation, making a total of $494.31, with interest thereon from February 29th, 1908, the date upon which judgment was rendered in the action against the corporation.

As to the questions raised with reference to the right of an authorized attorney to sign the thirty-day notice required by the statute and as to the form of the return on the execution, we approve of the determination made by the Appellate Division. We also approve of its determination with reference to the personal claim of the plaintiff for $115, the amount of which was established by the special verdict of the jury in the action against the corporation. We, however, are of the opinion that the $147.44, being the costs taxed in the action against the corporation, which were subsequently adjusted at $167.44, cannot be recovered in this action. It is true that, under the provisions of the statute, the laborer is given the right to recover costs of obtaining his judgment against the corporation, but that provision has reference to the costs of the action to recover for his services only. In this case he included in his action for services an action for materials furnished and money expended, with a claim for damages upon a breach of contract, amounting to $1,245. It is apparent from the record and the course of the trial that the controversy with reference to the amount of services rendered was slight, involving but a few dollars in amount, and that the substantial controversy pertained to the breach of contract for which a large sum was demanded as damages. Had the plaintiff limited his action against the corporation to his claim for work, labor and service, it is quite possible that no defense would have been interposed in that action. The defendant in this action was not a party to the action against the corporation. Neither is he liable for damages for breach of contract by the corporation, nor is he liable for

the materials purchased or money borrowed by it.   He is
only liable for the services rendered by laborers, servants
or employees.   We do not, therefore, think that he can
be charged with costs incurred in the defense of an action
prosecuted against the corporation for damages upon
causes of action other than that embraced in the statute.

In the second cause of action alleged by the plaintiff
in his action against the corporation, he has, as we have
seen, demanded judgment for $467.01, $379.01 being for
the work, labor and services performed by George E.
Card, and the balance for materials furnished and money
paid out, amounting to $88.   The special verdict rendered
upon this cause of action by the jury was for $469.99.
The variance in amount between the demand and the
recovery is trivial, but the fact remains that a portion of
the amount so found consists of material furnished and
money expended for the corporation, and there is no ver-
dict of the jury specifically fixing the amount due for
services rendered.   It is contended, however, that that
amount can be figured out and ascertained from a paper
attached to the judgment roll in the former action, known
as Exhibit No. 2.   The exhibit contains statements similar
to the following: "March 23, to 6 days labor, $6 per day,
$36.00."   And then follow various similar statements,
giving dates and amounts, from which we have a charge
of $231.87.   There also appears upon the exhibit charges
for stone furnished amounting to $223.80, and for moneys
expended in various matters amounting to $90.98, and
then we find credits given to the amount of $76.66, thus
showing a substantial variation from the allegations of
the complaint, to the effect that the services rendered
amounted to $379.01 and the material furnished and
money expended $88.   The evidence given upon the trial
of the action against the corporation is not before us; we
have the judgment roll only.   The exhibit was offered in
evidence upon the trial of this action by the plaintiff.   It
was objected to by the defendant upon the ground that

the paper is not a proper part of the judgment roll; that it is incompetent and immaterial and irrelevant, and no foundation laid for the evidence, and that it is not competent nor proper for the purpose of explaining the method or the manner by which the jury arrived at the general verdict of $653.03, and is not permissible in this action to show or explain or analyze the general verdict rendered by the jury so as to ascertain its component parts. The objection was overruled and an exception was taken. When George E. Card was sworn as a witness for the plaintiff he testified that he prepared the statement (Exhibit No. 2), and under the objection and exception of the defendant stated that it was handed to the jury in the former action, and that when the jury returned into court the officer who had the jury in charge brought the paper in and handed it to the judge. It does not appear that it was offered and received in evidence upon the former trial, nor does it contain any statement as to the person who rendered the services or for whom they were rendered. While it appears to be attached to the judgment roll in the former action it forms no part of such roll, and it not appearing to have been an exhibit and received in evidence upon the former trial, we are of the opinion that it was not entitled to be received in evidence upon the trial of this action. But, assuming that it was, the right of the plaintiff to recover from the defendant the value of his services is given by the statute under review and as a condition precedent that statute requires it to be based upon a judgment obtained against the corporation. Ordinarily statutory remedies must be strictly pursued. We are not disposed, however, in this case to adhere to the strict letter of the statute, but we must observe the spirit and intent of the legislature in adopting it, and we, therefore, are of the opinion that the provision of the statute prohibiting the bringing of an action against a stockholder for a debt of the corporation until judgment therefor has been recovered against the corporation and

an execution thereon has been returned unsatisfied in whole or in part at least requires a verdict determining the amount of the plaintiff's claim and that the stockholder, when he is called upon to pay, cannot be required to ascertain the amount from estimates and figures made by the plaintiff's brother as to the various items included by the jury in their verdict.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless within twenty days the plaintiff stipulates to reduce the recovery to the amount of his personal claim, to wit, $115, with · interest thereon from the 29th day of February, 1908. If such stipulation is given, then the judgment is modified accordingly, and as somodified affirmed, without costs of this appeal to either party.

CULLEN, Ch. J., GRAY, VANN, WERNER and COLLIN, JJ., concur; HISCOCK, J., dissents and votes for affirmance.

Judgment accordingly.