[Civ. No. 10619.   Second Appellate District, Division One.—March 23, 1936.]

GEORGE COOK et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Benjamin P. Riskin for Petitioners.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Deputy County Counsel, for Respondents.

HOUSER, P. J.—From the record herein, it appears that on a pertinent date George Cook and Connie Cook, who are the petitioners herein, were the owners of a certain automobile which at said time, with their permission was in the possession of, and was being operated by, one Grace, solely in his own business and on his own account; that said Grace, by reason of his negligence, caused said automobile to collide with and thereby to injure one Mildred Woods; that in an action brought against said Grace by said Mildred Woods and her husband to recover a judgment for damages on account of such injuries, under the provisions of section 1714¼ of the Civil Code the said George Cook and Connie Cook were joined as defendants; and that in that action a judgment was rendered against all the said defendants. Thereupon, without first seeking to satisfy said judgment out of the property of Grace alone, the plaintiffs caused a writ of execution to issue

against all the defendants, and to be levied against property that was owned by the defendants George Cook and Connie Cook only. A motion presented by said defendants Cook to the trial court to quash said writ of execution or the levy thereunder, as far as it affected their property, was denied; whereupon, at the instance of said defendants Cook, this court caused its alternative writ of mandate to issue, directed to said court, to the effect that it quash the said writ, or the said levy; or, that on a specified date it show cause why it had not done so, pursuant to said alternative order. Neither the said writ nor the said levy was quashed, and the question of the legality of the said levy is now presented to this court for its determination.

Although it may be assumed that, in accord with the provisions of section 1714¼ of the Civil Code, where an owner of an automobile has lent it to another to be used by the latter solely in his own business or on his own account, the owner may become liable in damages for the negligent operation of the automobile by the borrower thereof, nevertheless, by the express terms of the statute, in satisfying any judgment that may be recovered by an injured person against the owner of the automobile and its operator, "recourse shall first be had against the property of said operator".

But on behalf of respondents, in effect it is urged that since the language of the statute contains no express terms by which the word "recourse" is defined or limited in its scope, in his attempt to satisfy the judgment, short of an immediate and actual satisfaction thereof out of the property of the owner of the automobile, the judgment creditor should be accorded any and every available remedy or process afforded by other existing statutes.

It is manifest that the remedy against the owner of an automobile, as afforded by the provisions of section 1714¼ of the Civil Code, is purely statutory. No authority directly in point has been submitted to this court for its consideration; but indirectly, and as applied to situations that are analogous to that in the instant matter, the authorities are ample and convincing quite to the contrary of that suggested by respondent. In substance, they are to the effect that on the creation of a new statutory right, regarding which for its enforcement a particular and special remedy is provided, in a proceeding by which the beneficiary of such right and such

remedy may seek to avail himself thereof, the statute will be given a strict construction.

In 59 Corpus Juris, at page 1129, it is said that:

"A statute creating a new liability, or increasing an existing liability, or even a remedial statute *giving a remedy against a party who would not otherwise be liable,* must be strictly construed in favor of the persons sought to be subjected to their operation." (Citing *Leppard* v. *O'Brien,* 225 App. Div. 162 [232 N. Y. Supp. 454] (affirming 252 N. Y. 563 [170 N. E. 144]); *City of Mt. Vernon* v. *Brett,* 193 N. Y. 276 [86 N. E. 6]; *Griffeth* v. *Green,* 129 N. Y. 517 [29 N. E. 838]; *Jones* v. *Union County,* 63 Or. 566 [127 Pac. 781, 42 L. R. A. (N. S.) 1035]; *Highway Trailer Co.* v. *Janesville Elec. Co.,* 187 Wis. 161 [204 N. W. 773].)

And in the same volume of Corpus Juris, at page 1110, the same thought is expressed in the following language:

"A statute prescribing a new right and a particular remedy must be strictly construed, and the manner provided in the statute whereby the right may be acquired must be strictly followed." (Citing *Goldsmith* v. *Valentine,* 36 App. D. C. 63; *Com.* v. *Glover,* 132 Ky. 588 [116 S. W. 769]; *Page* v. *New York Realty Co.,* 59 Mont. 305 [196 Pac. 871]; *Card* v. *Groesbeck,* 204 N. Y. 301 [97 N. E. 728]; *Town of Windfall City* v. *State,* 172 Ind. 302 [88 N. E. 505].)

In the case of *Leppard* v. *O'Brien,* 225 App. Div. 162 [232 N. Y. Supp. 454] (affirmed in 252 N. Y. 563 [170 N. E. 144]), it was held that under the provisions of a statute respecting the liability of an owner of an automobile for the negligence of a person to whom it had been lent, a joint owner of an automobile was not liable "for consequences of negligent operation by his co-owner or latter's agent". In part the court said:

"It is clear that under the authorities in this state the defendant would not be liable, unless a liability was created by said statute. 'If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not likewise be liable.' "

In the case of *Swing* v. *Lingo,* 129 Cal. App. 518 [19 Pac. (2d) 56], in which a construction of a part of section 1714¼ of the Civil Code was involved, the court made use of the following language:

" . . . Since the statute imposes a new and unusual liability which partakes of the nature of a penalty, it should not, at least, receive a construction favoring the imposition of such liability." (Citing authorities.)

And in principle the following California and other cases are in point: *Dean* v. *Shingle,* 198 Cal. 652 [246 Pac. 1049, 46 A. L. R. 1156]; *Otis* v. *San Francisco,* 170 Cal. 98, 100 [148 Pac. 933]; *Snell* v. *Bradbury,* 139 Cal. 379, 382 [73 Pac. 150]; *Chase* v. *Putnam,* 117 Cal. 364, 367 [49 Pac. 204]; *Russell* v. *Pacific Ry. Co.,* 113 Cal. 258 [45 Pac. 323, 34 L. R. A. 747]; *Moore* v. *Lent,* 81 Cal. 502, 506 [22 Pac. 875]; *Davis* v. *Heimbach,* 75 Cal. 261 [17 Pac. 199]; *Trumpler* v. *Bemerly,* 39 Cal. 490; *Irvine* v. *McKeon,* 23 Cal. 472, 474; *Armas* v. *City of Oakland,* 135 Cal. App. 411 [27 Pac. (2d) 666, 28 Pac. (2d) 422]; *Estate of Ward,* 127 Cal. App. 347 [15 Pac. (2d) 901]; *Merrill* v. *Los Angeles Cotton Mills,* 120 Cal. App. 149 [7 Pac. (2d) 329]; *Horton-Howard* v. *Payton,* 44 Cal. App. 108 [186 Pac. 167]; *United States* v. *McCord,* 233 U. S. 157 [34 Sup. Ct. 550, 58 L. Ed. 893]; *Shriver* v. *Woodbine Sav. Bank,* 285 U. S. 467 [52 Sup. Ct. 430, 76 L. Ed. 884]; *Globe Newspaper Co.* v. *Walker,* 210 U. S. 356 [28 Sup. Ct. 726, 52 L. Ed. 1096]; *Fourth National Bank* v. *Francklyn,* 120 U. S. 747, 756 [7 Sup. Ct. 757, 30 L. Ed. 825].

In the instant case it therefore becomes manifest that in attempting to realize on the judgment which they had recovered against all the defendants in the action, the plaintiffs were first required to have "recourse . . . against the property of said operator", the defendant Grace; and that until that "recourse" may be exhausted, the other defendants in the action should not be molested or disturbed in their property rights for the purpose of satisfying the judgment.

Notwithstanding the fact that respondent here contends that simply by levying upon the property of the petitioners no "recourse" was had as against them or their property, it is clear that the levy that was authorized and had by the plaintiffs was the initial, the requisite, and one of the most important steps that might or could have been taken or had by the plaintiffs in their attempted "recourse" against any property, whether that of petitioners or that of their codefendant, Grace.

In the case of *Magnaud* v. *Traeger,* 66 Cal. App. 526, 530 [226 Pac. 990], in part it is said that, " . . . In the enforce‑ment of a writ of execution issued upon a common-law judg‑ment for money, *the levy is the essential act by which the property is set apart for the satisfaction of the judgment;* . . . "

As is indicated in the several dictionary definitions of the word "recourse", its meaning in the statute may be expressed as a "resort (to the property of defendants Cook) for the meeting of an obligation"; or "a seeking of an ex‑pedient means for an end; . . . a source of help or supply". (Webster's New International Dictionary; Funk & Wag‑nalls New Standard Dictionary.) Thus understood, it is obvious that the significance of the statutory inhibition is that for the purpose of compelling the owner of the auto‑mobile to meet the obligation imposed upon him by the judg‑ment, the judgment creditor may not, by means of a writ of execution, first have access or resort to the automobile owner's property as "a source of help or supply", nor as an "ex‑pedient means" for attaining the desired end of satisfying the judgment.

It is ordered that the alternative writ be, and it is, made permanent, only in that the particular levy under the writ of which complaint is made, be quashed. Otherwise, and as affecting the issuance of the writ of execution, generally, the writ is discharged.

York, J., and Doran, J., concurred.